UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANGEL MATERNIDAD ULLOA MONTOYA,

                              Petitioner,

      -against-

PAMELA BONDI, in her official capacity as U.S. Attorney General; KRISTI NOEM, in her official capacity as U.S. Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; RAUL MALDONADO, in his official capacity as Warden of the Brooklyn Metropolitan Detention Center; TODD LYONS, in his official capacity as Acting ICE Field Office Director; JUDITH ALMODOVAR, in her official capacity as Acting Field Office Director of the New York Office of U.S. Immigration and Customs Enforcement,

                              Respondents.
-----------------------------------------------------------------------X

FOR ONLINE PUBLICATION ONLY

**FILED**
**CLERK**
11/25/2025 1:23 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
25-CV-06363 (JMA)

**AZRACK, United States District Judge:**

Petitioner is and has been detained by Respondents at the Metropolitan Detention Center in Brooklyn, New York since August 29, 2025. Petitioner filed a Petition for a Writ of Habeas Corpus, ECF No. 1, supported by accompanying declarations and exhibits, alleging that his detention violates his constitutional and statutory rights. Petitioner subsequently moved for entry of a Temporary Restraining Order and Preliminary Injunction, ECF No. 2, supported by an accompanying Memorandum of Law, seeking an order: (1) directing Petitioner's immediate release under the terms of his Sponsorship Agreement; or, in the alternative, (2) compelling Respondents to complete and file an individualized custody determination that complies with 8 U.S.C. § 1232(c)(2)(B); or, in the alternative, (3) directing Respondents to provide Petitioners with a bond hearing.

Based on declarations, exhibits, legal authorities, and arguments submitted, the Court finds that Petitioner has established a likelihood of success on the merits of his Petition. See Hyppolite

v. Noem, No. 25-cv-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025) (granting writ of habeas corpus, holding that Petitioner who had been in the United States for three years was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), not mandatory detention pursuant to 8 U.S.C § 1225(b)); Artiga v. Genalo, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025) (similar); J.U. v. Maldonado, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025) (similar); Guerrero v. Noem, No. 25-cv-5881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025) (granting a preliminary injunction and holding that Petitioner who was re-detained while living in the United States was entitled to a bond hearing pursuant to 8 U.S.C. § 1226).

The Court finds that Petitioner has also established that he is currently suffering and will continue to suffer irreparable harm absent injunctive relief and that the balance of equities and the public interest favor the grant of injunctive relief.

The Court hereby GRANTS Petitioner's Motion for a Temporary Restraining Order insofar as it seeks his immediate release pursuant to the terms of his Sponsorship Agreement. Respondents are ORDERED to release Petitioner from custody immediately, and to submit a letter on the docket confirming Petitioner's release within 24 hours of this Order. Respondents are ORDERED to produce to the Court all immigration forms and records referenced in the declaration of Lukasz Kubicz, ECF No. 14-1 (Nov. 24, 2025).

If Petitioner wishes to file a written reply to Respondents' Response to the Order to Show Cause and Opposition to Petitioner's Motion for Injunctive Relief, ECF No. 14 (Nov. 24, 2024), he may do so on or before December 2, 2025.

**SO ORDERED.**
Dated:   November 25, 2025

Central Islip, New York

          /s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE